**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Terry T. Thomas</u>

    v.                                        Civil No. 04-cv-437-PB

<u>Hillsborough County Department
of Corrections</u>

**O R D E R**

Plaintiff moves to compel discovery and for sanctions.

Plaintiff served interrogatories on defendant Hillsborough County Department of Corrections (HCDOC) on August 8, 2005. Answers were received on October 4, 2005. By letter of October 11, 2005, plaintiff notified the HCDOC of his views of the deficiencies in the responses. On October 27, 2005, HCDOC supplemented its answers. On October 31, 2005, plaintiff identified those interrogatory answers which he still deemed to be inadequate. The interrogatories at issue are nos. 1, 2, 4, 6, 8, 9, 11, 13, 19, 24, 25, 34, 35, 36, 12, 26, 29, 27, 32-37 and 38 (in the order set forth in the letter).

In addition, in December interrogatories were served on defendant LeDuc which, as of the date of filing of the motion, were more than thirty (30) days overdue.[1]

---

[1] Defendant LeDuc says he has now served answers.

Discussion

1. Generalized Objections.

A substantial part of defendants' objection consists of making excuses – (1) 'we xeroxed and bates stamped discovery but inadvertently didn't produce it'; (2) plaintiff has been even less forthcoming and prompt in providing discovery; and (3) plaintiff wasn't clear enough in his discovery negotiations. While plaintiff may later come to regret this motion later when defendants press him for discovery from him, he is entitled to insist on stricter application of the rules.  The excuses don't resolve the disputes which are considered below.

2. LeDuc Answers.

While compelling answers may be moot it is not clear whether any objections were included.  If so, they were waived after thirty (30) days and answers are ordered.  Pro se litigants are not entitled to legal fees.

3. HCDOC Answers.

a. Interrogatories 1, 2, 4, 6, 8, 9, 11, 13, 19, 24, 25, 34, 35 and 36.

Plaintiff correctly points out that each of these interrogatories required the information called for by his interrogatory definition "Identity".  As to all inmates listed

HCDOC is to provide the last known information complying with the definition. As to all HCDOC personnel it is inappropriate to provide home telephone numbers and addresses to a prisoner such as plaintiff. Granted in part, denied in part.

    b.   <u>Interrogatories 12, 26, 27 and 29</u>.

The answer to twelve is sufficient. Answers to 26 and 29 are to be supplemented <u>if</u> the duties varied from the position description previously supplied but not otherwise.

    c.   <u>Interrogatories 32-37</u>.

For reasons known only to HCDOC the interrogatories were shuffled, combined or left out in answers. HCDOC is to answer 32-37 under oath precisely as stated in the interrogatories.

    d.   <u>Interrogatory 38</u>.

HCDOC states that it has provided the material requested in no. 38. If not, it shall do so within ten (10) days.

The motion (document no. 27) is granted in part, moot in part and denied in part. No sanctions.

    **SO ORDERED.**

                                                  _/s/ James R. Muirhead_
                                                  James R. Muirhead
                                                  United States Magistrate Judge

Date: March 16, 2006

```
cc:    Terry T. Thomas, pro se
       Carolyn M. Kirby, Esq.
       Elizabeth L. Hurley, Esq.
       John A. Curran, Esq.
```