UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


**Terry T. Thomas**

    **v.**                                                           Civil No. 04-cv-437-PB
                                                             Opinion No. 2006 DNH 145

**Hillsborough County**
**Department of Corrections, et al.**


**MEMORANDUM AND ORDER**

Plaintiff Terry Thomas brings this 42 U.S.C. § 1983 civil action against the Hillsborough County Department of Corrections ("HCDOC") and a number of its employees. Thomas alleges that the defendants violated rights secured to him by the Eighth Amendment by failing to protect him from an assault by a fellow inmate. In his complaint, Thomas, a former HCDOC inmate, seeks damages from the defendants.[1]

---

[1] Thomas also seeks injunctive relief to "enjoin the defendants to provide corrective and cosmetic surgery and [a] CATSCAN to determine the extent of any residual trauma." I interpret this language, however, as a mere recharacterization of a request for money damages to pay for medical treatment. Accordingly, I treat Thomas's complaint as seeking only money damages.

Defendants now move for summary judgment, arguing that Thomas has failed to identify facts sufficient to support his claim.  For the reasons discussed below, I grant defendants' motion.

## I. BACKGROUND[2]

Thomas was incarcerated at the HCDOC facility in Manchester, New Hampshire on May 10, 2001 while awaiting sentencing on a receiving stolen property conviction.  Upon his arrival, an HCDOC classification official placed him in Unit 2C, a general population housing unit.  A few days earlier, on May 4, 2001, a classification official had also assigned Anthony Fernandez, who was awaiting sentencing on a felonious assault conviction, to Unit 2C.  Both Thomas and Fernandez were classified pursuant to an HCDOC policy requiring that inmates be placed in a general population unit unless they have engaged in behaviors that require more frequent supervision.[3]  Because neither Thomas nor

---

[2] The facts in this section are drawn from the submissions of the parties and are presented in the light most favorable to Thomas, the non-movant.

[3] HCDOC classification officials implement this policy by using standard HCDOC "tree diagram" forms which take into

Fernandez had demonstrated such documented behavior, both were placed in general population unit 2C.

On October 20, 2001, Fernandez struck Thomas in the face during a basketball game in the HCDOC recreation yard, rendering him unconscious. HCDOC guards were not present at the basketball game, and the facility's rarely used security camera provided only limited views of the recreation area. After the assault, Thomas remained on the ground for some time before HCDOC employees discovered him. As a result of the attack, Thomas suffered and continues to suffer from severe pain and headaches, dizziness, difficulty breathing, memory loss, and blurred vision.

On January 9, 2002, after sentencing, Thomas was transferred to the New Hampshire State Prison in Concord, New Hampshire, where he remains incarcerated.

Thomas seeks money damages from the HCDOC and several of its employees. Specifically, Thomas has sued William Raymond, the classification supervisor responsible for assigning Fernandez to Unit 2C, and John LeDuc, the corrections officer on duty on Unit

---

account, inter alia, prior assaultive felony convictions and known institutional behavior problems.

2C at the time of the assault. Thomas has also sued Raymond and LeDuc's supervisors (the "Supervisor Defendants").[4]

## II. **STANDARD OF REVIEW**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence." Intern'l Ass'n of Machinists and Aerospace Workers,

---

[4] The Supervisor Defendants include: (1) Bonnie Ives, the Deputy Chief of Security; (2) Scott Cunningham, the Shift Sergeant on duty during the assault; (3) Roger Cassidy, the Shift Commander on duty during the assault; (4) Captain Dionne, the Chief of Security; (5) Captain M. Cusson, the Chief of Operations; and (6) James O'Mara, the superintendent of the facility. Thomas has also sued the HCDOC itself.

AFL-CIO v. Winship Green Nursing Ctr., 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  All reasonable inferences and all credible issues are resolved in favor of the nonmoving party. See Anderson, 477 U.S. at 255-56.

Once the moving party has properly carried its burden, the burden shifts to the nonmoving party to "produce evidence on which a reasonable finder of fact, under the appropriate proof burden, could base a verdict for it; if that party cannot produce such evidence, the motion must be granted."  Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 94 (1st Cir. 1996) (citing Celotex, 477 U.S. at 323; Anderson, 477 U.S. at 249).

### III.  ANALYSIS

Construed liberally, Thomas's failure to protect claim can be broken into three sub-parts: (1) his claim against Classification Supervisor Raymond for making the decision to house Fernandez in Unit 2C; (2) his claim against Officer LeDuc for failing to observe the recreation yard when he was aware of the deficiencies in the facility's camera system; and (3) a

supervisory liability claim against the Supervisor Defendants. Defendants argue that Thomas has failed to identify facts sufficient to support any of these theories. I address each theory in turn.

The Eighth Amendment imposes "a duty . . . to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994) (citing Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988). That duty, however, requires only that prison officials not be "deliberately indifferent to the risk to prisoners of violence at the hands of other prisoners." Burrell v. Hampshire County, 307 F.3d 1, 8 (1st Cir. 2002) (citing Farmer, 511 U.S. at 833). In the context of an Eighth Amendment claim, deliberate indifference has two components. See id. "First, the deprivation alleged must be, objectively, sufficiently serious." Id. (citing Farmer, 511 U.S. at 834). In a failure to protect claim such as this one, a plaintiff "must demonstrate that he was incarcerated under conditions imposing a substantial risk of serious harm." Id. Second, a plaintiff must also show that the defendants acted with "deliberate indifference" to plaintiff's health or safety.

Farmer, 511 U.S. at 834.

The Farmer Court defined "deliberate," in the context of an Eighth Amendment claim to require that a prison official "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Id.  The First Circuit, among others, has likened this requirement to "the standard for determining criminal recklessness."  Giroux v. Somerset County, 178 F.3d 28, 32 (1st Cir. 1999) (internal citations omitted).  In other words, Thomas must show that the defendants knew of a substantial risk of serious harm and disregarded that risk.  Calderon-Ortiz v. Laboy-Alvarado, 300 F.3d 60, 64 (1st Cir. 2002) (citing Farmer, 511 U.S. at 835-840).

## A.   **Placement of Fernandez in Unit 2C**

Thomas claims that Raymond failed to protect him by placing his assailant, Anthony Fernandez, in Unit 2C, a general population unit, despite the fact that Fernandez was being held in connection with a felonious assault.  Specifically, Thomas argues that Raymond knew that placing Fernandez in the general

population unit created a substantial risk of serious harm to Thomas and that he disregarded that risk.  I disagree.

The only exhibit Thomas has introduced into the summary judgment record that could support such an inference is Anthony Fernandez's "tree diagram" classification form.  (Doc. No. 44 Ex. 2 at 2).  However, in contrast to Thomas's deliberate indifference theory, the exhibit indicates that Raymond classified Fernandez pursuant to an HCDOC policy that took into account the danger he might pose to fellow inmates.  To be sure, the first box on the tree diagram indicates that Fernandez was being held at the time for an assaultive felony.  However, the responses to the remaining questions on the diagram were negative, indicating that Fernandez had no prior assaultive felony convictions, no known escape history, and no known institutional behavior problems.  These negative responses led to the assignment of a "medium" rather than "maximum" security level and accordingly to his placement in a general population unit.  Thus, this exhibit fails to support Thomas's claims that Raymond acted with deliberate indifference in making his placement decision.  Accordingly, I grant defendant's motion for summary judgment with respect to Raymond.

**B.   Failure to Adequately Supervise the Recreation Yard**

Thomas argues that defendant LeDuc acted with deliberate indifference because he allowed Thomas, Fernandez, and other inmates to play basketball in the recreation yard when he knew the security camera could not effectively monitor the inmates and that an officer would not be able to monitor every moment of the basketball game.  Defendants respond by claiming that LeDuc had no knowledge that Fernandez presented a threat to Thomas's safety.

Even assuming arguendo that LeDuc was aware that the camera monitoring system was faulty, the record is still devoid of any evidence to support an inference that he acted with deliberate indifference.  See Farmer, 511 U.S. at 835-840.  In particular, Thomas fails to identify any evidence demonstrating that LeDuc was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [that he] . . . drew that inference."  Farmer, 511 U.S. at 834.  As such, I grant Defendants' motion for summary judgment with respect to LeDuc.

**C.   Supervisory Liability for Failing to Protect**

Thomas also alleges that the Supervisor Defendants are

liable for HCDOC's classification policy, its policy of placing inmates in the recreation yard without direct supervision from floor officers, or, in the case of the more senior HCDOC officials, for both policies.  Thomas cannot base this claim on a respondeat superior theory of liability.  Instead, the Supervisor Defendants can only be liable under § 1983 based on their own acts or omissions.  <u>Aponte Matos v. Toledo Davila</u>, 135 F.3d 182, 192 (1st Cir. 1998) (citing <u>Seekamp v. Michaud</u>, 109 F.3d 802, 808 (1st Cir. 1997).  Specifically, the Supervisor Defendants are liable only if "there is subordinate liability, and . . . the supervisor's action or inaction was affirmatively linked to the constitutional violation caused by the subordinate."  <u>Id.</u> (internal quotation marks omitted).

   Here, Thomas's claim against the Supervisor Defendants rests on HCDOC's classification and recreation yard supervision policies.  Because I dismissed his claims against subordinates related to these policies, there can be no supervisory liability against the Supervisor Defendants on these bases.  As such, I grant defendants' motion for summary judgment with respect to the

Supervisor Defendants.[5]

## **CONCLUSION**

For the foregoing reasons, I grant defendants' motion for summary judgment (Document No. 28).

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

December 18, 2006

cc: Terry Thomas, pro se
    Carolyn Kirby, Esq.
    John A. Curran, Esq.
    Elizabeth Hurley, Esq.

---

[5] For similar reasons, I grant defendants' motion with respect to the HCDOC.

-11-